UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SAC. CO. DHHS, et al.,<br><br>　　　　　　Defendants. | No. 2:18-cv-0004 CKD P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted multiple declarations that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 4, 5, 6. Accordingly, the requests to proceed in forma pauperis will be granted. However, plaintiff's request to waive the filing fee (ECF No. 7) will be denied.

For prisoners, leave to proceed in forma pauperis means that they do not have to pay the entire filing fee up front and can instead pay in installments. 28 U.S.C. § 1915(b)(1). They are still required to pay filing fees in full for civil actions they file. <u>Id.</u> Therefore, while plaintiff will be permitted to proceed in forma pauperis, he will be required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).

1

By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Motion for Funds

Plaintiff has requested "$500 per month in pro se money to facilitate discovery and other advances." (ECF No. 8.) This request will be denied because "'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress,'" Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976)), and the in forma pauperis statute does not authorize the expenditure of public funds to facilitate discovery, 28 U.S.C. § 1915.

III. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

////

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

IV. Complaint

The complaint names as defendants the Sacramento County Department of Health and Human Services (DHHS), Sacramento Chief of Police Danial Hahn, Governor Jerry Brown, and Roseville Police Officer Phelps. (ECF No. 1 at 2.) Specifically, plaintiff alleges that in 2012, he had an unspecified number of sex offense convictions expunged under California Penal Code § 1203.4, but the DHHS has continued to report the convictions to the court and has a "policy to

3

slander/defame people." (Id. at 4.) He further alleges that his due process rights were violated when he was arrested for failing to register as a sex offender as required by California Penal Code § 290, and that the violation was a result of defendant Hahn's "policy to deprive people of their 14th Amendment right to due process." (Id. at 5.) Additionally, during plaintiff's arrest, the officer misheard plaintiff when he gave his name and he was further arrested for lying to a police officer, which he asserts is a violation of his First Amendment Rights. He further claims that even if he did give the wrong name, it would have been unintentional and a result of his severe brain damage, and his arrest would have violated his rights under the Americans with Disabilities Act (ADA). (Id.) He requests "an injunction overturning the law that makes it a crime to lie to police or anybody else" because it violates the First Amendment and that "Gov. Brown's custom and policy are the driving force behind this First Amendment deprivation." (Id. at 6.)

V. Failure to State a Claim

A. Sex Offender Registration

Prior to 1982, sex offenders in California were required to register as such only until their convictions were expunged. United States v. Hardeman, 704 F.3d 1266, 1267 (9th Cir. 2013) (citing Cal. Penal Code §§ 290, 1203.4 (1980)). In 1982, "the California legislature amended its laws so that a felony sex conviction required ongoing registration, regardless of expungement." Id. (citing Cal. Penal Code § 290.1 (1982)). "In 1994, the California legislature amended its laws so that any sex conviction—felony or misdemeanor—required continuous registration, regardless of expungement." Id. (citing Cal. Penal Code § 290.1 (1994)).

Plaintiff asserts that under California Penal Code § 1203.4 and Kelly v. Municipal Court of City and County of San Francisco, 160 Cal. App. 2d 38 (Cal. Ct. App. 1958), he is no longer required to register as a sex offender or have his sex offenses reported because they were expunged. ECF No. 1 at 4-5. However, plaintiff misunderstands § 1203.4 and his reliance on Kelly is misplaced. Section 1203.4 specifically provides that "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." Cal. Penal Code § 1203.4(a)(1). California law also expressly requires sex offender

registration regardless of expungement under § 1203.4 except in a few very limited circumstances where other requirements have been met. Cal. Penal Code § 290.007 ("Any person required to registere . . . shall register . . . regardless of whether the person's conviction has been dismissed pursuant to Section 1203.4, unless the person obtains a certificate of rehabilitation and is entitled to relief from registration pursuant to Section 290.5, or is exonerated pursuant to subdivision (e) of Section 3007.05 . . . and the person is not otherwise required to register."); Cal. Penal Code § 290.5 (providing that for a number of sex offenses a full pardon is required in addition to a certificate of rehabilitation in order to be relieved of reporting requirement). Furthermore, Kelly, which held that the duty to register terminates upon release from probation as outlined in § 1203.4, was decided long before the amendments requiring continued registration and "is no longer good law." People v. Hamdon, 225 Cal. App. 4th 1065, 1073 (Cal. Ct. App. 2014).

Accordingly, the fact that plaintiff's sex offenses have been expunged does not mean that the DHHS is prohibited from reporting those convictions to the court or that he has been relieved of his duty to register as a sex offender. His claims related to the continued reporting of his sex offenses and his arrest for failing to register therefore fail to state a claim and must be dismissed.

B. First Amendment

"[A]s a general matter, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." United States v. Alvarez, 567 U.S. 709, 716 (2012) (alteration in original) (citation and internal quotation marks omitted). However, "the criminal prohibition of a false statement made to a Government official" has generally been found to be permissible. Alvarez, 567 U.S. at 720 (citing 18 U.S.C. § 1001). "Statutes forbidding lying to a government official (not under oath) are typically limited to circumstances where a lie is likely to work particular and specific harm by interfering with the functioning of a government department, and those statutes also require a showing of materiality." Id. at 734-34 (Breyer, J., concurring). "Certainly the investigation of wrongdoing is a proper governmental function; and since it is the very purpose of an investigation to uncover the truth, any falsehood relating to the subject of the investigation perverts that function." Brogan v. United States, 522 U.S. 398, 402 (1998).

5

Plaintiff claims that he was arrested for providing a false name to the police during his arrest for failing to register as a sex offender. (ECF No. 1 at 5.) He argues that the law prohibiting lying to a police officer violates his First Amendment rights because he has the right to lie if he wants. (ECF No. 1 at 5.) Though he does not identify the law at issue, petitioner is presumably referring to California Penal Code § 148.9, which provides as follows:

> (a) Any person who falsely represents or identifies himself or herself as another person or as a fictitious person to any peace officer . . . upon a lawful detention or arrest of the person, either to evade the process of the court, or to evade the proper identification of the person by the investigating officer is guilty of a misdemeanor.
>
> (b) Any person who falsely represents or identifies himself or herself as another person or as a fictitious person to any other peace officer . . . upon lawful detention or arrest of the person, either to evade the process of the court, or to evade the proper identification of the person by the arresting officer is guilty of a misdemeanor if (1) the false information is given while the peace officer is engaged in the performance of his or her duties as a peace officer and (2) the person providing the false information knows or should have known that the person receiving the information is a peace officer.

The ability to correctly identify individuals being investigated or arrested is clearly a proper function of the police, and false statements as to one's identify in the situations covered by § 148.9 would materially interfere with that function. Providing a false name to the police in the circumstances alleged by plaintiff clearly falls within the type of speech not protected by the First Amendment. Whether plaintiff did in fact provide a false name for one of the prohibited purposes goes to his guilt, not the constitutionality of the law. Accordingly, plaintiff's claim that his First Amendment rights were violated must be dismissed for failure to state a claim.

C. <u>Americans with Disabilities Act</u>

Although plaintiff does not specify which portion of the ADA he believes was violated, he is presumably making a claim for violation of Title II. To state a claim under Title II of the ADA, the plaintiff must allege that:

> (1) he "is an individual with a disability"; (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities"; (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise

6

discriminated against by the public entity"; and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (alteration in original) (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002)); Weinreich v. Los Angeles Cnty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997) (citations omitted).

Plaintiff denies giving the officer a fake name, but argues that even if he misspoke, his arrest for lying to the police was a violation of the ADA because it was due to his severe brain damage. (ECF No. 1 at 5.) Plaintiff's claim that his arrest violates the ADA fails to state a claim because it is purely hypothetical. Furthermore, even if the allegations were not hypothetical, they fail to show that plaintiff was discriminated against because of his disability. Instead, they show that in addition to being arrested for failing to register as a sex offender, he was arrested for giving the officer a false name in relation to that arrest. These facts do not establish that plaintiff's arrest was because he was disabled and this claim must be dismissed.

VI. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that amendment would be futile. The complaint should therefore be dismissed without leave to amend.

VII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately. Your requests to waive the filing fee and for funds for discovery

7

are denied.

It is being recommended that the complaint be dismissed without leave to amend because the things you are complaining about do not violate your constitutional rights or your rights under the ADA.  <u>Kelly</u> is no longer good law because the law has been changed and even if your sex offenses have been expunged, you still have to register as a sex offender.  Lying to the police is not protected speech and therefore the law making it a crime is not unconstitutional.  Your arrest for lying to an officer does not violate the ADA because the facts you allege are hypothetical and even if they were not, your arrest was not because of your disability.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF No.4, 5, 6) are granted.

2. Plaintiff's motion to waive the filing fee (ECF No. 7) is denied.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

4. Plaintiff's motion for funds (ECF No. 8) is denied.

5. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

////

////

objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 28, 2019

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:hume0004.dismiss.f&r